# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NST GLOBAL, LLC, d/b/a SB TACTICAL,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**SIG SAUER INC.,**<br><br>    **Defendant.** | **Case No.**<br><br>**PLAINTIFF NST GLOBAL, LLC, d/b/a SB TACTICAL'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, NST Global, LLC d/b/a SB Tactical ("SB Tactical"), hereby alleges the following against Defendant Sig Sauer Inc. ("SIG"; collectively the "Parties"):

## NATURE OF THE ACTION

This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) (federal question) for claims involving the infringement of patents.

2. This Court has personal jurisdiction over the SIG and Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1400(b) for the following reasons:

   a. SIG has committed and continues to commit acts of infringement and placed goods related to the claims below into the stream of commerce in the State;

   b. SIG resides in this District;

    c.  SIG is incorporated in the State of Delaware; and

    d.  the acts of SIG have caused injury to SB Tactical in this District.

## PARTIES

3.  SB Tactical is a Florida limited liability company with its principal place of business at 1225 Darlington Oak Circle NE, St. Petersburg, Florida 33703.

4.  SIG is a Delaware Corporation with its principal place of business at 72 Pease Boulevard, Newington, New Hampshire 03801.

## GENERAL ALLEGATIONS

5.  SB Tactical is a designer and seller of firearm accessories. As a result of its significant investment in research and development, SB Tactical has developed innovative technologies that have greatly impacted the firearm accessory industry. One such technology is SB Tactical's Stabilizing Brace® branded stabilizers that are used in connection with certain firearms to aid a shooter in supporting a firearm by the shooter's forearm.

6.  SB Tactical has protected its innovative designs and technologies through a broad range of intellectual property rights, including utility and design patents. One such utility patent is United States Patent Number 8,869,444 ("the '444 Patent"), which duly and legally issued by the United States Patent and Trademark Office on October 28, 2014, and names Alessandro Bosco as the inventor. The '444 Patent covers many functions found in stabilizers. A true and correct copy of the '444 Patent is attached as Exhibit A and incorporated herein by reference.

7.  The stabilizer claimed in the '444 Patent attaches to the rear of a handgun so that the handgun may be secured to a user's forearm, via a strap, thereby stabilizing the handgun and improving the user's ability to accurately and safely use the handgun with one hand.

8.  The '444 Patent has a total of 14 claims.

9. Independent Claim 1 of the '444 Patent is representative and claims:

> A forearm-gripping stabilizing attachment for a handgun, the handgun having a support structure extending rearwardly from the rear end of the handgun, the forearm-gripping stabilizing attachment, comprising:
>
> a body having a front end, a rear end, an upper portion, a lower portion, and a passage longitudinally extending within said upper portion and at least through said front end of said body, the support structure of the handgun being telescopically receivable by said passage;
>
> said lower portion being bifurcated so as to define a pair of spaced flaps between which a user's forearm is received when securing the Stabilizing attachment to the user's forearm; and
>
> a strap connected to said body, said strap securing said spaced flaps to retain the user's forearm between said spaced flaps when the stabilizing attachment is secured to a user's forearm.

10. Another such utility patent is United States Patent Number 9,354,021 ("the '021 Patent"; collectively with the '444 Patent, "the Patents"), which duly and legally issued by the United States Patent and Trademark Office on May 31, 2016, and names Alessandro Bosco as the inventor. The '021 Patent covers many functions found in stabilizers. A true and correct copy of the '021 Patent is attached as Exhibit B and incorporated herein by reference.

11. The Stabilizing Brace claimed in the '021 Patent attaches to the rear of a handgun so that the handgun may be secured to a user's forearm, via a strap, thereby stabilizing the handgun and improving the user's ability to accurately and safely use the handgun with one hand.

12. The '021 Patent has a total of 5 claims.

13. Independent Claim 1 of the '021 Patent is representative and claims:

> A forearm-gripping stabilizing attachment for a handgun, the handgun having a support structure extending rearwardly from the rear end of the handgun, the forearm-gripping stabilizing attachment, comprising:
>
> a body having a front end, a rear end, an upper portion, a lower portion, and a passage longitudinally extending within said upper portion and at least through said front end of said body, the support structure of the handgun

3

>being telescopically receivable by said passage;
>
>said lower portion having at least one flap extending from said upper portion;
>
>a strap connected to said body, said strap securing said at least one flap to a user's forearm when the stabilizing attachment is secured to a user's forearm; and
>
>wherein said passage extends entirely through said body between said front end and said rear end of said body.

14. SB Tactical is the owner of the full right, title, and interest to the Patents.

15. SIG has and continues to infringe the Patents by making or having made, manufacturing or having manufactured, importing, using, selling, or offering to sell at least the SIG SAUER Folding PCB Kit ("PCB"), SIG MCX Rattler PCB ("Rattler"), SIG MPX Copperhead ("Copperhead"), SIG MCX Rattler Canebreak ("Canebreak"), and SIG MCX Virtus Pistol ("Virtus") in competition with SB Tactical. The PCB, Rattler, Copperhead, Canebreak, Virtus, and other products sharing similar stabilizer design will be collectively referred to as the "Accused Products".

16. On information and belief, SIG markets, makes, uses, offers for sale, and/or sells the Accused Products throughout the United States, including the state of Delaware, through its business partners and various retailers, including through retail stores, distributors, trade shows, company website, company social media, and retail websites.

17. On information and belief, SIG has been and is inducing infringement of the Patents by actively and knowingly inducing others to make, use, sell, offer for sale, or import the PCB that embodies or uses the inventions claimed in the Patents.

18. On information and belief, SIG has been and is continuing to contributorily infringe the '444 Patent by selling or offering to sell the PCB knowing it to be especially made or especially

adapted for practicing the invention of the Patents and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. SIG has long been aware of the Patents and the claims therein.

20. SIG learned of SB Tactical's efforts to obtain patent protection on the inventions claimed in the Patents at least as early as January 2013.

21. On February 25, 2013, SB Tactical filed a patent application having Application Serial Number 13/775,760 ("the '760 Application"), which subsequently issued as the '444 Patent.

22. SB Tactical entered into an Exclusive Distribution Agreement with SIG for products practicing the inventions claimed in the Patents, having an effective date of March 01, 2013 ("2013 Agreement").

23. The products supplied by SB Tactical to Sig pursuant to the 2013 Agreement are covered by one or more claims of the Patents.

24. At the time of execution of the 2013 Agreement, SIG had knowledge of the filing of the '760 Application and the prospective patent rights in association with the products provided to SIG under the 2013 Agreement.

25. An Addendum to the 2013 Agreement was executed and made effective as of June 05, 2014.

26. SB Tactical entered into a second, similar Exclusive Distribution Agreement with SIG having an effective date of January 11, 2016 ("2016 Agreement").

27. On October 20, 2014, prior to the execution of the 2016 Agreement, SB Tactical filed the patent application having Application Serial Number 14/518,140 ("the '140 Application"), which subsequently issued as the '021 Patent.

28. The SB Tactical products subject to the 2016 Agreement are covered by one or more

claims of the Patents.

29. At the time of the execution of the 2016 Agreement, SIG had knowledge of the filing of the '140 Application and the prospective patent rights in association with the products provided to SIG under the 2016 Agreement.

30. At the time of the execution of the 2016 Agreement, SIG had knowledge of the '444 Patent.

31. On May 21, 2018, SIG released a Brandlive video with accompanying presentation slides titled "Q2 2018 Rifle Product Management Update" depicting the PCB.

32. On November 07, 2018, SIG released a Brandlive video titled "SIG 'PCB' Pivoting Contour Brace".

33. On November 27, 2018, SIG released a Brandlive video titled "MPX Family Update" depicting the Copperhead.

34. On or about early December of 2018, representatives for the Parties met to discuss possible resolutions to any dispute that may arise from the release of the Accused Products, in addition to the Parties' respective position on the matter.

35. This meeting prompted discussions between counsel for the Parties in late December of 2018.

36. In the midst of these discussions between counsels for the Parties, SIG began selling the PCB, Rattler, Virtus, and Copperhead through wholesale and retail channels.

37. In early January, SIG began manufacturing, using, importing, offering for sale, and/or selling the PCB, Rattler, Virtus, and Copperhead.

38. On January 03, 2019, SIG released a Brandlive video titled "Product Management Updates January 2019" depicting the PCB and Copperhead.

39. On or about January 07, 2019, SB Tactical sent correspondence to SIG including a claim chart detailing the physical features of the Accused Products that infringe each and every element of each independent claim of the '444 Patent and each and every element of at least one independent claim of the '021 Patent (the "January 2019 Correspondence"). A true and correct copy of the January 2019 Correspondence is attached as Exhibit C.

40. On January 09, 2019, SIG issued a press release announcing the official public release of the PCB including the following photographic depiction of the PCB:



41. The January 09, 2019, press release touted the "1913 rail mounting interface" of the PCB.

42. On or about January 15, 2019, counsel for SIG advised a substantive response to the January 2019 Correspondence would not be provided by the deadline for response included in the January 2019 Correspondence.

43. As of the date of filing for this Complaint, SIG has not provided a substantive response to the January 2019 Correspondence.

44. On or about January 17, 2019, SIG began manufacturing, using, importing, offering for sale, and/or selling the Canebreak.

45. Upon information and belief, SIG made and continues to make the Accused Products.

46. Upon information and belief, SIG had the Accused Products made and continues to have the Accused Products made.

47. SIG has displayed and continues to display the Accused Products on its website and social media in connection with offering the Accused Products for sale.

48. SIG has offered to sell and continues to offer to sell the Accused Products for sale through its distribution channels.

49. Upon information and belief, SIG has offered and continues to offer to sell the Accused Products for sale through direct communications.

50. SIG has sold and continues to sell the Accused Products to its distributors and directly to consumers and retailers.

51. SIG has used and continues to use the Accused Products.

52. SB Tactical marks its stabilizer products with the patent number for the Patents in compliance with the Patent statutes.

53. SIG knew of the existence of the Patents prior to manufacturing, using, importing, offering for sale, and/or selling the Accused Products.

54. SIG's acts of infringement have been willful and in disregard for the Patents, without any reasonable basis for believing that SIG had a right to engage in the infringing conduct.

55. SB Tactical is damaged as result of the infringement at least through loss of income from sales, loss of reasonable royalty, damage to reputation, and costs incurred through the enforcement of the Patents.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '444 Patent – 35 U.S.C. § 271(a))

56. SB Tactical realleges the averments found in Paragraphs 1 through 55 and incorporates them by reference herein.

57. Upon information and belief, SIG has been and is infringing the '444 Patent by manufacturing, using, offering for sale, and selling in the United States, or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271(a).

58. SIG's infringement has been and continues to be knowing, intentional, and willful.

59. SIG's acts of infringement of the '444 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

60. SIG's acts of infringement of the '444 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

61. This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '021 Patent – 35 U.S.C. § 271(a))

62. SB Tactical realleges the averments found in Paragraphs 1 through 55 and incorporates them by reference herein.

63. Upon information and belief, SIG has been and is infringing the '021 Patent by manufacturing, using, offering for sale, and selling in the United States, or importing into the United States, including within this judicial district, the Accused Products, in violation of 35

U.S.C. § 271(a).

64. SIG's infringement has been and continues to be knowing, intentional, and willful.

65. SIG's acts of infringement of the '021 Patent has caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

66. SIG's acts of infringement of the '021 Patent has caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

67. This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

### (Induced Infringement of the '444 Patent – 35 U.S.C. § 271(b))

68. SB Tactical realleges the averments found in Paragraphs 1 through 55 and incorporates them by reference herein.

69. Upon information and belief, SIG has been inducing the infringement of the '444 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import the PCB that embodies or uses the invention claimed in the '444 Patent in violation of 35 U.S.C. § 271(b).

70. SIG designed the PCB for attachment to the rear of a firearm.

71. SIG sells the PCB for use when attached to the rear of a firearm.

72. SIG instructs users to use the PCB in combination with a firearm.

73. SIG states in the product description for the PCB that the "SIG SAUER factory PCB kit installs easily on your SIG MPX or SIG MCX via the receivers 1913 interface."

74. The 1913 receiver interface is located at the rear of the firearm.

75. When attached to the rear of a firearm, the support structure extends rearwardly from the rear of the firearm.

76. SIG advises that users attach the PCB to the 1913 receiver interface located at the rear of the firearm.

77. SIG anticipates that users will attach to the 1913 receiver interface located at the rear of the firearm, causing the support structure to extend rearwardly from the firearm.

78. Induced infringement by SIG has been and continues to be knowing, intentional, and willful, evidenced by the 2013 Agreement, 2016 Agreement, discussions between the Parties, and the January 2019 Correspondence.

79. SIG's acts of infringement of the '444 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

80. SIG's acts of infringement of the '444 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

81. This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## FOURTH CLAIM FOR RELIEF

### (Contributory Infringement of the '444 Patent – 35 U.S.C. § 271(c))

82. SB Tactical realleges the averments found in Paragraphs 1 through 55 and Paragraphs 70 through 77 and incorporates them by reference herein.

83. Upon information and belief, SIG have been and are contributing to the infringement of the '444 Patent by selling or offering to sell the PCB, knowing them to be especially made or especially adapted for practicing the invention of the '444 Patent and not a staple article or

commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

84. Infringement by SIG has been and continues to be knowing, intentional, and willful, evidenced by the 2013 Agreement, 2016 Agreement, discussions between the Parties, and the January 2019 Correspondence.

85. SIG's acts of infringement of the '444 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

86. SIG's acts of infringement of the '444 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

87. This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, SB Tactical respectfully requests judgment against SIG as follows:

a. Adjudging that SIG has infringed, actively induced infringement of, and contributorily infringed the '444 Patent, in violation of 35 U.S.C. § 271(a), (b), and (c);

b. Adjudging that SIG has infringed the '021 Patent, in violation of 35 U.S.C. § 271(a);

c. Ordering SIG to account for and pay damages adequate to compensate SB Tactical for SIG's infringement of the Patents, including for any infringing acts not presented at trial, and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

d. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

e. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

f. Granting an injunction permanently enjoining SIG, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the Patents;

g. Declaring this case exceptional and awarding SB Tactical its reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

h. Awarding such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, SB Tactical, demands a trial by jury of all issues properly triable by a jury.

Dated: 01/22/2019

    Respectfully submitted,

 /s/   Raeann Warner
Raeann Warner (DE Bar No. 004931)
Jacobs & Crumplar, P.A.
750 Shipyard Drive
Suite 200
Wilmington, Delaware 19801
Telephone: (302)-600-1935
Email: Raeann@jcdelaw.com

-and-

Brittany J. Maxey-Fisher (Fla. Bar No. 44586)
William R. Brees (Fla. Bar No. 98886)
MAXEY-FISHER, PLLC
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949

Email: bmaxeyfisher@maxeyfisher.com
wbrees@maxeyfisher.com
lpg@maxeyfisher.com

*Counsel for Plaintiff NST Global, LLC d/b/a SB Tactical*