**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NST GLOBAL, LLC, d/b/a SB TACTICAL, <br><br> Plaintiff, <br><br> v. <br><br> SIG SAUER, INC., <br><br> Defendant. | Case No. 1:19-cv-00121-CFC |

**ANSWER AND DEFENSES OF**
**DEFENDANT SIG SAUER, INC. TO COMPLAINT**

Defendant SIG Sauer, Inc. (hereinafter "SIG Sauer"), by its attorneys, hereby responds to

Plaintiff NST Global, LLC, d/b/a SB Tactical's Complaint and Demand for Jury Trial

("Complaint"), as follows:

**NATURE OF THE ACTION**

SIG Sauer admits that Plaintiff alleges this is an action for patent infringement under the

patent laws of the United States, Title 35, United States Code.

**JURISDICTION AND VENUE**

**1.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and**
**1338(a) (federal question) for claims involving the infringement of patents.**

**Answer to Paragraph 1:**

Paragraph 1 of the Complaint states legal conclusions to which no response is required.

To the extent a response is required, SIG Sauer admits that Plaintiff NST Global, LLC, d/b/a SB

Tactical (hereinafter "SB Tactical") has alleged that this is an action for patent infringement

arising under the patent laws of the United States.

2.     This Court has personal jurisdiction over the SIG [*sic*] and Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1400(b) for the following reasons:

    a.  SIG has committed and continues to commit acts of infringement and placed goods related to the claims below into the stream of commerce in the State;

    b.  SIG resides in this District;

    c.  SIG is incorporated in the State of Delaware; and

    d.  the acts of SIG have caused injury to SB Tactical in this District.

**<u>Answer to Paragraph 2</u>:**

Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, SIG Sauer denies the allegations in Paragraph 2(a), (b), and (d), and admits the allegations in Paragraph 2(c).

<div align="center"><b><u>PARTIES</u></b></div>

3.     **SB Tactical is a Florida limited liability company with its principal place of business at 1225 Darlington Oak Circle NE, St. Petersburg, Florida 33703.**

**<u>Answer to Paragraph 3</u>:**

On information and belief, SIG Sauer admits that SB Tactical is a Florida limited liability company, and admits that SB Tactical claims that its principal place of business is located at 1225 Darlington Oak Circle NE, St. Petersburg, Florida 33703.  SIG Sauer denies, on information and belief that SB Tactical's principal place of business is located at that address, and further answering states that SB Tactical's principal place of business is located in New Hampshire, at 566 Harvey Road, Manchester, NH 03103.

4.     **SIG is a Delaware Corporation with its principal place of business at 72 Pease Boulevard, Newington, New Hampshire 03801.**

**Answer to Paragraph 4:**

SIG Sauer admits the allegations in Paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

**5.    SB Tactical is a designer and seller of firearm accessories.  As a result of its significant investment in research and development, SB Tactical has developed innovative technologies that have greatly impacted the firearm accessory industry.  One such technology is SB Tactical's Stabilizing Brace® branded stabilizers that are used in connection with certain firearms to aid a shooter in supporting a firearm by the shooter's forearm.**

**Answer to Paragraph 5:**

SIG Sauer denies the allegations in Paragraph 5 of the Complaint.

**6.    SB Tactical has protected its innovative designs and technologies through a broad range of intellectual property rights, including utility and design patents.  One such utility patent is United States Patent Number 8,869,444 ("the '444 Patent"), which duly and legally issued by the United States Patent and Trademark Office on October 28, 2014, and names Alessandro Bosco as the inventor.  The '444 Patent covers many functions found in stabilizers. A true and correct copy of the '444 Patent is attached as Exhibit A and incorporated herein by reference.**

**Answer to Paragraph 6:**

SIG Sauer admits that a U.S. utility patent bearing U.S. Patent No. 8,869,444 ("the '444 Patent") was issued by the U.S. Patent and Trademark Office ("USPTO") on October 28, 2014, that Alessandro Roberto Bosco is identified as the inventor on the face of the '444 Patent, and that a copy of the '444 Patent was attached as Exhibit A to the Complaint.  SIG Sauer denies the remaining allegations in Paragraph 6 of the Complaint.

**7.    The stabilizer claimed in the '444 Patent attaches to the rear of a handgun so that the handgun may be secured to a user's forearm, via a strap, thereby stabilizing the handgun and improving the user's ability to accurately and safely use the handgun with one hand.**

**Answer to Paragraph 7:**

SIG Sauer is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies same. To the extent Paragraph 7 is seeking to paraphrase or characterize any of the text of the '444 Patent, that document speaks for itself.

8. **The '444 Patent has a total of 14 claims.**

**Answer to Paragraph 8:**

SIG Sauer admits the allegations in Paragraph 8 of the Complaint.

9. **Independent Claim 1 of the '444 Patent is representative and claims:**

**A forearm-gripping stabilizing attachment for a handgun, the handgun having a support structure extending rearwardly from the rear end of the handgun, the forearm-gripping stabilizing attachment, comprising:**

**a body having a front end, a rear end, an upper portion, a lower portion, and a passage longitudinally extending within said upper portion and at least through said front end of said body, the support structure of the handgun being telescopically receivable by said passage;**

**said lower portion being bifurcated so as to define a pair of spaced flaps between which a user's forearm is received when securing the Stabilizing attachment to the user's forearm; and**

**a strap connected to said body, said strap securing said spaced flaps to retain the user's forearm between said spaced flaps when the stabilizing attachment is secured to a user's forearm.**

**Answer to Paragraph 9:**

Paragraph 9's assertion that Claim 1 of the '444 Patent is "representative" is a legal conclusion to which no response is required. The remainder of that paragraph contains text from that patent to which no response is required, which document speaks

4

for itself.  To the extent that a response is required, SIG Sauer admits that Paragraph 9

has quoted Claim 1 of the '444 Patent accurately.


**10.      Another such utility patent is United States Patent Number 9,354,021 ("the '021 Patent"; collectively with the '444 Patent, "the Patents"), which duly and legally issued by the United States Patent and Trademark Office on May 31, 2016, and names Alessandro Bosco as the inventor.  The '021 Patent covers many functions found in stabilizers.  A true and correct copy of the '021 Patent is attached as Exhibit B and incorporated herein by reference.**

**Answer to Paragraph 10:**

SIG Sauer admits that a U.S. utility patent bearing U.S. Patent No. 9,354,021 ("the '021

Patent") was issued by the USPTO on May 31, 2016, that Alessandro Roberto Bosco is

identified as the inventor on the face of the '021 Patent, and that a copy of the '021 Patent was

attached as Exhibit B to the Complaint.  SIG Sauer denies the remaining allegations in

Paragraph 10 of the Complaint.


**11.      The Stabilizing Brace claimed in the '021 Patent attaches to the rear of a handgun so that the handgun may be secured to a user's forearm, via a strap, thereby stabilizing the handgun and improving the user's ability to accurately and safely use the handgun with one hand.**

**Answer to Paragraph 11:**

SIG Sauer is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 11 of the Complaint, and therefore denies same.  To the extent

Paragraph 7 is seeking to paraphrase or characterize any of the text of the '021 Patent, that

document speaks for itself.


**12.      The '021 Patent has a total of 5 claims.**

SIG Sauer admits the allegations in Paragraph 12 of the Complaint.

13.     **Independent Claim 1 of the '021 Patent is representative and claims:**

A forearm-gripping stabilizing attachment for a handgun, the handgun having a support structure extending rearwardly from the rear end of the handgun, the forearm-gripping stabilizing attachment, comprising:

a body having a front end, a rear end, an upper portion, a lower portion, and a passage longitudinally extending within said upper portion and at least through said front end of said body, the support structure of the handgun being telescopically receivable by said passage;

said lower portion having at least one flap extending from said upper portion;

a strap connected to said body, said strap securing said at least one flap to a user's forearm when the stabilizing attachment is secured to a user's forearm; and

wherein said passage extends entirely through said body between said front end and said rear end of said body.

**Answer to Paragraph 13:**

Paragraph 13's assertion that Claim 1 of the '021 Patent is "representative" is a legal conclusion to which no response is required. The remainder of that paragraph contains text from that patent to which no response is required. To the extent that a response is required, SIG Sauer admits that Paragraph 13 has quoted Claim 1 of the '021 Patent accurately.

14.     **SB Tactical is the owner of the full right, title, and interest to the Patents.**

**Answer to Paragraph 14:**

SIG Sauer is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 14 of the Complaint, and therefore denies same.


**15.** **SIG has and continues to infringe the Patents by making or having made, manufacturing or having manufactured, importing, using, selling, or offering to sell at least the SIG SAUER Folding PCB Kit ("PCB"), SIG MCX Rattler PCB ("Rattler"), SIG MPX Copperhead ("Copperhead"), SIG MCX Rattler Canebreak ("Canebreak"), and SIG MCX Virtus Pistol ("Virtus") in competition with SB Tactical.  The PCB, Rattler, Copperhead, Canebreak, Virtus, and other products sharing similar stabilizer design will be collectively referred to as the "Accused Products".**

**Answer to Paragraph 15:**

SIG Sauer admits that it has made, has manufactured, offers to sell, and/or sells the five

products identified in Paragraph 15, and further answering states that the product entitled "SIG

MCX Rattler Canebreak" is spelled "SIG MCX Rattler Canebrake."  SIG Sauer denies the

remaining allegations in Paragraph 15.


**16.** **On information and belief, SIG markets, makes, uses, offers for sale, and/or sells the Accused Products throughout the United States, including the state of Delaware, through its business partners and various retailers, including through retail stores, distributors, trade shows, company website, company social media, and retail websites.**

**Answer to Paragraph 16:**

SIG Sauer admits the allegations in Paragraph 16.


**17.** **On information and belief, SIG has been and is inducing infringement of the Patents by actively and knowingly inducing others to make, use, sell, offer for sale, or import the PCB that embodies or uses the inventions claimed in the Patents.**

**Answer to Paragraph 17:**

SIG Sauer denies the allegations in Paragraph 17 of the Complaint.

18.     On information and belief, SIG has been and is continuing to contributorily infringe the '444 Patent by selling or offering to sell the PCB knowing it to be especially made or especially adapted for practicing the invention of the Patents and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**Answer to Paragraph 18:**

SIG Sauer denies the allegations in Paragraph 18 of the Complaint.

19.     SIG has long been aware of the Patents and the claims therein.

**Answer to Paragraph 19:**

SIG Sauer denies the allegations in Paragraph 19 of the Complaint.

20.     SIG learned of SB Tactical's efforts to obtain patent protection on the inventions claimed in the Patents at least as early as January 2013.

**Answer to Paragraph 20:**

SIG Sauer denies the allegations in Paragraph 20 of the Complaint.

21.     On February 25, 2013, SB Tactical filed a patent application having Application Serial Number 13/775,760 ("the '760 Application"), which subsequently issued as the '444 Patent.

**Answer to Paragraph 21:**

SIG Sauer admits, on information and belief, that a patent application bearing

Application Serial Number 13/775,760 ("the '760 Application") was filed at the USPTO on

February 25, 2013, and that the '760 Application subsequently was issued as the '444 Patent.

SIG Sauer denies the remaining allegations in Paragraph 21, including the allegation that SB

Tactical filed the '760 Application.

**22.     SB Tactical entered into an Exclusive Distribution Agreement with SIG for products practicing the inventions claimed in the Patents, having an effective date of March 01, 2013 ("2013 Agreement").**

**Answer to Paragraph 22:**

SIG Sauer admits that it entered into an Exclusive Distribution Agreement with SB Tactical, which agreement had an effective date of March 1, 2013.  SIG Sauer denies the remaining allegations in Paragraph 22 of the Complaint.

**23.     The products supplied by SB Tactical to Sig pursuant to the 2013 Agreement are covered by one or more claims of the Patents.**

**Answer to Paragraph 23:**

SIG Sauer denies the allegations in Paragraph 23 of the Complaint.

**24.     At the time of execution of the 2013 Agreement, SIG had knowledge of the filing of the '760 Application and the prospective patent rights in association with the products provided to SIG under the 2013 Agreement.**

**Answer to Paragraph 24:**

SIG Sauer denies the allegations in Paragraph 24 of the Complaint.

**25.     An Addendum to the 2013 Agreement was executed and made effective as of June 05, 2014.**

**Answer to Paragraph 25:**

SIG Sauer admits the allegations in Paragraph 25 of the Complaint.

**26.     SB Tactical entered into a second, similar Exclusive Distribution Agreement with SIG having an effective date of January 11, 2016 ("2016 Agreement").**

**Answer to Paragraph 26:**

SIG Sauer admits that it entered into an agreement entitled Distribution Agreement with

SB Tactical in 2016, and denies the remaining allegations in Paragraph 26 of the Complaint.

**27.    On October 20, 2014, prior to the execution of the 2016 Agreement, SB Tactical filed the patent application having Application Serial Number 14/518,140 ("the '140 Application"), which subsequently issued as the '021 Patent.**

**Answer to Paragraph 27:**

SIG Sauer admits that a patent application having Application Serial Number

14/518,140 ("the '140 Application") was filed at the USPTO on October 20, 2014, and that the

'140 Application was subsequently issued as the '021 Patent.  SIG Sauer denies the remaining

allegations in Paragraph 27, including the allegation that SB Tactical filed the '140 Application.

**28.    The SB Tactical products subject to the 2016 Agreement are covered by one or more claims of the Patents.**

**Answer to Paragraph 28:**

SIG Sauer denies the allegations in Paragraph 28 of the Complaint.

**29.    At the time of the execution of the 2016 Agreement, SIG had knowledge of the filing of the '140 Application and the prospective patent rights in association with the products provided to SIG under the 2016 Agreement.**

**Answer to Paragraph 29:**

SIG Sauer admits that at the time of the execution of the Distribution Agreement in

2016, SIG Sauer had knowledge of the filing of the '140 Application.  SIG Sauer denies the

remaining allegations in Paragraph 29 of the Complaint.

**30.** **At the time of the execution of the 2016 Agreement, SIG had knowledge of the '444 Patent.**

**Answer to Paragraph 30:**

SIG Sauer admits the allegations in Paragraph 30 of the Complaint.


**31.** **On May 21, 2018, SIG released a Brandlive video with accompanying presentation slides titled "Q2 2018 Rifle Product Management Update" depicting the PCB.**

**Answer to Paragraph 31:**

SIG Sauer admits that on May 21, 2018, SIG Sauer circulated internally at SIG Sauer a Brandlive video with accompanying presentation slides titled "Q2 2018 Rifle Product Management Update" depicting the PCB. SIG Sauer denies the remaining allegations in Paragraph 31 of the Complaint.


**32.** **On November 07, 2018, SIG released a Brandlive video titled "SIG 'PCB' Pivoting Contour Brace".**

**Answer to Paragraph 32:**

SIG Sauer admits that on November 7, 2018, SIG Sauer circulated internally at SIG Sauer a Brandlive video titled "SIG 'PCB' Pivoting Contour Brace." SIG Sauer denies the remaining allegations in Paragraph 32 of the Complaint.


**33.** **On November 27, 2018, SIG released a Brandlive video titled "MPX Family Update" depicting the Copperhead.**

**Answer to Paragraph 33:**

SIG Sauer admits that on November 27, 2018, SIG Sauer circulated internally at SIG Sauer a Brandlive video titled "MPX Family Update" depicting the Copperhead. SIG Sauer denies the remaining allegations in Paragraph 33 of the Complaint.

**34.** On or about early December of 2018, representatives for the Parties met to discuss possible resolutions to any dispute that may arise from the release of the Accused Products, in addition to the Parties' respective position on the matter.

**Answer to Paragraph 34:**

SIG Sauer admits that representatives of SIG Sauer and SB Tactical met in December 2018, and denies the remaining allegations in Paragraph 34 of the Complaint.

**35.** This meeting prompted discussions between counsel for the Parties in late December of 2018.

**Answer to Paragraph 35:**

SIG Sauer admits the allegations in Paragraph 35 of the Complaint.

**36.** In the midst of these discussions between counsels for the Parties, SIG began selling the PCB, Rattler, Virtus, and Copperhead through wholesale and retail channels.

**Answer to Paragraph 36:**

SIG Sauer denies the allegations in Paragraph 36 of the Complaint.

**37.** In early January, SIG began manufacturing, using, importing, offering for sale, and/or selling the PCB, Rattler, Virtus, and Copperhead.

**Answer to Paragraph 37:**

SIG Sauer admits that it began offering the Copperhead for sale in January 2019, and denies the remaining allegations in Paragraph 37 of the Complaint.

**38.** On January 03, 2019, SIG released a Brandlive video titled "Product Management Updates January 2019" depicting the PCB and Copperhead.

**Answer to Paragraph 38:**

SIG Sauer admits that on January 3, 2019, SIG Sauer circulated internally at SIG Sauer a Brandlive video titled "Product Management Updates January 2019" depicting the PCB and Copperhead. SIG Sauer denies the remaining allegations in Paragraph 38 of the Complaint.

**39. On or about January 07, 2019, SB Tactical sent correspondence to SIG including a claim chart detailing the physical features of the Accused Products that infringe each and every element of each independent claim of the '444 Patent and each and every element of at least one independent claim of the '021 Patent (the "January 2019 Correspondence"). A true and correct copy of the January 2019 Correspondence is attached as Exhibit C.**

**Answer to Paragraph 39:**

SIG Sauer admits that counsel for SB Tactical sent a letter to SIG Sauer, dated January 7, 2019, and that a copy of that letter is attached to the Complaint as Exhibit C, which letter speaks for itself. SIG Sauer denies the remaining allegations in Paragraph 39 of the Complaint.

**40. On January 09, 2019, SIG issued a press release announcing the official public release of the PCB including the following photographic depiction of the PCB:**



**Answer to Paragraph 40:**

SIG Sauer admits the allegations in Paragraph 40 of the Complaint.

**41.     The January 09, 2019, press release touted the "1913 rail mounting interface" of the PCB.**

**Answer to Paragraph 41:**

Paragraph 41 is seeking to paraphrase or characterize any of the press release referenced

in Paragraph 41, which document speaks for itself.

**42.     On or about January 15, 2019, counsel for SIG advised a substantive response to the January 2019 Correspondence would not be provided by the deadline for response included in the January 2019 Correspondence.**

**Answer to Paragraph 42:**

SIG Sauer admits the allegations in Paragraph 42 of the Complaint, and further

answering states that it requested additional time to provide a substantive response, given that

the letter was sent during the busiest time of the year at SIG Sauer, and given that SB Tactical

had requested a very short time for response.  SB Tactical did not respond to that request.

**43.     As of the date of filing for this Complaint, SIG has not provided a substantive response to the January 2019 Correspondence.**

**Answer to Paragraph 43:**

SIG Sauer admits the allegations in Paragraph 43 of the Complaint.

**44.     On or about January 17, 2019, SIG began manufacturing, using, importing, offering for sale, and/or selling the Canebreak.**

**Answer to Paragraph 44:**

SIG Sauer denies the allegations in Paragraph 44 of the Complaint.

**45.    Upon information and belief, SIG made and continues to make the Accused Products.**

**Answer to Paragraph 45:**

SIG Sauer denies the allegations in Paragraph 45 of the Complaint.

**46.    Upon information and belief, SIG had the Accused Products made and continues to have the Accused Products made.**

**Answer to Paragraph 46:**

SIG Sauer admits the allegations in Paragraph 46 of the Complaint.

**47.    SIG has displayed and continues to display the Accused Products on its website and social media in connection with offering the Accused Products for sale.**

**Answer to Paragraph 47:**

SIG Sauer admits the allegations in Paragraph 47 of the Complaint.

**48.    SIG has offered to sell and continues to offer to sell the Accused Products for sale through its distribution channels.**

**Answer to Paragraph 48:**

SIG Sauer admits the allegations in Paragraph 48 of the Complaint.

**49.    Upon information and belief, SIG has offered and continues to offer to sell the Accused Products for sale through direct communications.**

**Answer to Paragraph 49:**

SIG Sauer admits that it has offered and continues to offer to sell the Accused Products, and denies the remaining allegations in Paragraph 49 of the Complaint.

**50.     SIG has sold and continues to sell the Accused Products to its distributors and directly to consumers and retailers.**

**Answer to Paragraph 50:**

SIG Sauer admits the allegations in Paragraph 50 of the Complaint.

**51.     SIG has used and continues to use the Accused Products.**

**Answer to Paragraph 51:**

SIG Sauer admits the allegations in Paragraph 51 of the Complaint.

**52.     SB Tactical marks its stabilizer products with the patent number for the Patents in compliance with the Patent statutes.**

**Answer to Paragraph 52:**

To the extent that Paragraph 52 calls for a legal conclusion, no response is required. To the extent that a response is required, SIG Sauer is without knowledge or information sufficient to admit or deny the allegations in Paragraph 52 of the Complaint, and therefore denies same.

**53.     SIG knew of the existence of the Patents prior to manufacturing, using, importing, offering for sale, and/or selling the Accused Products.**

**Answer to Paragraph 53:**

SIG Sauer denies that it manufactures or imports any of the Accused Products, and admits the remaining allegations in Paragraph 53 of the Complaint.

54.     **SIG Sauer admits the allegations in Paragraph 51 of the Complaint. SIG's acts of infringement have been willful and in disregard for the Patents, without any reasonable basis for believing that SIG had a right to engage in the infringing conduct.**

**Answer to Paragraph 54:**

SIG Sauer denies the allegations in Paragraph 54 of the Complaint.

55.     **SB Tactical is damaged as result of the infringement at least through loss of income from sales, loss of reasonable royalty, damage to reputation, and costs incurred through the enforcement of the Patents.**

**Answer to Paragraph 55:**

SIG Sauer denies the allegations in Paragraph 55 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Infringement of the '444 Patent – 35 U.S.C. § 271(a))**

56.     **SB Tactical realleges the averments found in Paragraphs 1 through 55 and incorporates them by reference herein.**

**Answer to Paragraph 56:**

SIG Sauer incorporates by reference and repeats its responses to Paragraphs 1 through

55 as if fully set forth herein.

57.     **Upon information and belief, SIG has been and is infringing the '444 Patent by manufacturing, using, offering for sale, and selling in the United States, or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271(a).**

**Answer to Paragraph 57:**

SIG Sauer denies the allegations in Paragraph 57 of the Complaint.

**58.** **SIG's infringement has been and continues to be knowing, intentional, and willful.**

**Answer to Paragraph 58:**

SIG Sauer denies the allegations in Paragraph 58 of the Complaint.

**59.** **SIG's acts of infringement of the '444 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.**

**Answer to Paragraph 59:**

SIG Sauer denies the allegations in Paragraph 59 of the Complaint.

**60.** **SIG's acts of infringement of the '444 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.**

**Answer to Paragraph 60:**

SIG Sauer denies the allegations in Paragraph 60 of the Complaint.

**61.** **This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.**

**Answer to Paragraph 61:**

Paragraph 61 calls for a legal conclusion to which no response is required. To the extent that a response is required, SIG Sauer denies the allegations in Paragraph 61 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '021 Patent – 35 U.S.C. § 271(a))**

**62.** **SB Tactical realleges the averments found in Paragraphs 1 through 55 and incorporates them by reference herein.**

**Answer to Paragraph 62:**

SIG Sauer incorporates by reference and repeats its responses to Paragraphs 1 through 55 as if fully set forth herein.

**63.    Upon information and belief, SIG has been and is infringing the '021 Patent by manufacturing, using, offering for sale, and selling in the United States, or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271(a).**

**Answer to Paragraph 63:**

SIG Sauer denies the allegations in Paragraph 63 of the Complaint.

**64.    SIG's infringement has been and continues to be knowing, intentional, and willful.**

**Answer to Paragraph 64:**

SIG Sauer denies the allegations in Paragraph 64 of the Complaint.

**65.    SIG's acts of infringement of the '021 Patent has caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.**

**Answer to Paragraph 65:**

SIG Sauer denies the allegations in Paragraph 65 of the Complaint.

**66.    SIG's acts of infringement of the '021 Patent has caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.**

**Answer to Paragraph 66:**

SIG Sauer denies the allegations in Paragraph 66 of the Complaint.

**67.     This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.**

**Answer to Paragraph 67**:

Paragraph 67 calls for a legal conclusion to which no response is required.  To the extent that a response is required, SIG Sauer denies the allegations in Paragraph 67 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(Induced Infringement of the '444 Patent – 35 U.S.C. § 271(b))**

**68.     SB Tactical realleges the averments found in Paragraphs 1 through 55 and incorporates them by reference herein.**

**Answer to Paragraph 68**:

SIG Sauer incorporates by reference and repeats its responses to Paragraphs 1 through 55 as if fully set forth herein.

**69.     Upon information and belief, SIG has been inducing the infringement of the '444 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import the PCB that embodies or uses the invention claimed in the '444 Patent in violation of 35 U.S.C. § 271(b).**

**Answer to Paragraph 69**:

SIG Sauer denies the allegations in Paragraph 69 of the Complaint.

**70.     SIG designed the PCB for attachment to the rear of a firearm.**

**Answer to Paragraph 70**:

SIG Sauer admits the allegations in Paragraph 70 of the Complaint.

**71.     SIG sells the PCB for use when attached to the rear of a firearm.**

**Answer to Paragraph 71:**

SIG Sauer admits the allegations in Paragraph 71 of the Complaint.


**72.     SIG instructs users to use the PCB in combination with a firearm.**

**Answer to Paragraph 72:**

SIG Sauer admits the allegations in Paragraph 72 of the Complaint.


**73.     SIG states in the product description for the PCB that the "SIG SAUER factory PCB kit installs easily on your SIG MPX or SIG MCX via the receivers 1913 interface."**

**Answer to Paragraph 73:**

SIG Sauer admits the allegations in Paragraph 73 of the Complaint.


**74.     The 1913 receiver interface is located at the rear of the firearm.**

**Answer to Paragraph 74:**

SIG Sauer denies the allegations in Paragraph 74 of the Complaint.


**75.     When attached to the rear of a firearm, the support structure extends rearwardly from the rear of the firearm.**

**Answer to Paragraph 75:**

SIG Sauer denies the allegations in Paragraph 75 of the Complaint.


**76.     SIG advises that users attach the PCB to the 1913 receiver interface located at the rear of the firearm.**

**Answer to Paragraph 76:**

SIG Sauer denies the allegations in Paragraph 76 of the Complaint.

**77.    SIG anticipates that users will attach to the 1913 receiver interface located at the rear of the firearm, causing the support structure to extend rearwardly from the firearm.**

**Answer to Paragraph 77:**

SIG Sauer denies the allegations in Paragraph 77 of the Complaint.

**78.    Induced infringement by SIG has been and continues to be knowing, intentional, and willful, evidenced by the 2013 Agreement, 2016 Agreement, discussions between the Parties, and the January 2019 Correspondence.**

**Answer to Paragraph 78:**

SIG Sauer denies the allegations in Paragraph 78 of the Complaint.

**79.    SIG's acts of infringement of the '444 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.**

**Answer to Paragraph 79:**

SIG Sauer denies the allegations in Paragraph 79 of the Complaint.

**80.    SIG's acts of infringement of the '444 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.**

**Answer to Paragraph 80:**

SIG Sauer denies the allegations in Paragraph 80 of the Complaint.

**81.**    This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**Answer to Paragraph 81:**

Paragraph 81 calls for a legal conclusion to which no response is required.  To the extent that a response is required, SIG Sauer denies the allegations in Paragraph 81 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**(Contributory Infringement of the '444 Patent – 35 U.S.C. § 271(c))**

**82.**    SB Tactical realleges the averments found in Paragraphs 1 through 55 and Paragraphs 70 through 77 and incorporates them by reference herein.

**Answer to Paragraph 82:**

SIG Sauer incorporates by reference and repeats its responses to Paragraphs 1 through 55 and Paragraphs 70 through 77 as if fully set forth herein.

**83.**    Upon information and belief, SIG have been and are contributing to the infringement of the '444 Patent by selling or offering to sell the PCB, knowing them to be especially made or especially adapted for practicing the invention of the '444 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

**Answer to Paragraph 83:**

SIG Sauer denies the allegations in Paragraph 83 of the Complaint.

**84.**    Infringement by SIG has been and continues to be knowing, intentional, and willful, evidenced by the 2013 Agreement, 2016 Agreement, discussions between the Parties, and the January 2019 Correspondence.

**Answer to Paragraph 84:**

SIG Sauer denies the allegations in Paragraph 84 of the Complaint.

**85.** SIG's acts of infringement of the '444 Patent have caused and will continue to cause damages for which SB Tactical is entitled to compensation pursuant to 35 U.S.C. § 284.

**Answer to Paragraph 85:**

SIG Sauer denies the allegations in Paragraph 85 of the Complaint.

**86.** SIG's acts of infringement of the '444 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court 35 U.S.C. § 283. SB Tactical has no adequate remedy at law.

**Answer to Paragraph 86:**

SIG Sauer denies the allegations in Paragraph 86 of the Complaint.

**87.** This case is exceptional, and thus, SB Tactical is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**Answer to Paragraph 87:**

Paragraph 87 calls for a legal conclusion to which no response is required. To the extent that a response is required, SIG Sauer denies the allegations in Paragraph 87 of the Complaint.

## DEMAND FOR JURY TRIAL

This paragraph sets for a demand for a jury to which no response is required. SIG Sauer denies that SB Tactical is entitled to any of the requested relief and denies all allegations of infringement.

## ADDITIONAL DEFENSES

SIG Sauer asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted. SIG Sauer does

not assume the burden of proof with respect to those matters for which, under law, SB Tactical bears the burden of proof.

## FIRST ADDITIONAL DEFENSE

The manufacture, use, offer for sale, sale or importation of the Accused Products do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '444 Patent.

## SECOND ADDITIONAL DEFENSE

The manufacture, use, offer for sale, sale or importation of the Accused Products do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '021 Patent.

## THIRD ADDITIONAL DEFENSE

The claims of the '444 Patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter alia*, §§ 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FOURTH ADDITIONAL DEFENSE

The claims of the '012 Patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter alia*, §§ 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FIFTH ADDITIONAL DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

## SIXTH ADDITIONAL DEFENSE

SB Tactical has failed to state a proper claim for an exceptional case.

## SEVENTH ADDITIONAL DEFENSE

Any additional defenses that discovery may reveal, including, but not limited to, defenses of unenforceability and/or invalidity.

## REQUEST FOR RELIEF

WHEREFORE, SIG Sauer respectfully requests that this Court enter a Judgment and Order in its favor and against SB Tactical as follows:

a. Dismissing the Complaint with prejudice and denying each and every prayer for relief contained therein;

b. Adjudging that the claims of the '444 Patent are invalid, unenforceable, and not infringed;

c. Adjudging that the claims of the '021 Patent are invalid, unenforceable, and not infringed;

d. Declaring that this is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws and awarding SIG Sauer its attorneys' fees, costs, and expenses in this action;

e. Awarding SIG Sauer the costs, fees, and expenses of this action; and

f. Awarding SIG Sauer such other and further relief as this Court deems necessary, just and proper.


Dated: February 13, 2019

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Helena C. Rychlicki*
Helena C. Rychlicki (DE Bar No. 3996)
PINCKNEY, WEIDINGER, URBAN
& JOYCE LLC
3711 Kennett Pike, Suite 210
Greenville, DE 19807
Tel: (302) 504-1497
Fax:  (302) 442-7046
hrychlicki@pwujlaw.com

</div>

OF COUNSEL

Laura L. Carroll
Eric G. J. Kaviar
Anthony E. Faillaci
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA  02110
Tel:  (617) 345-3000
Fax:  (617) 345-3299
lcarroll@burnslev.com
ekaviar@burnslev.com
afaillaci@burnslev.com

*Attorneys for Defendant SIG Sauer, Inc.*