**Pinckney, Weidinger, Urban & Joyce LLC**
3711 Kennett Pike, Suite 210❖Greenville, Delaware 19807
Telephone (302) 504-1497❖Facsimile (302) 442-7046

Helena C. Rychlicki
 (302) 504-1497
hrychlicki@pwujlaw.com

April 11, 2019

**VIA CM/ECF and HAND DELIVERY**

The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
844 North King Street, Room 4124, Unit 31
Wilmington, DE 19801-3555

**Re:** *NST Global, LLC, d/b/a SB Tactical v. SIG Sauer, Inc.*
 **C.A. No. 19-0121-CFC**

Dear Judge Connolly:

Plaintiff NST Global, LLC d/b/a SB Tactical ("NST Global" or "Plaintiff") and Defendant SIG Sauer, Inc. ("SIG Sauer" or "Defendant") write regarding the upcoming Rule 16 Scheduling Conference currently scheduled to be held on Tuesday, April 16, 2019 at 3:30 p.m.

On March 27, 2019, SIG Sauer filed a motion to transfer this action to the United States District Court for the District of New Hampshire, pursuant to 28 U.S.C. § 1404(a). (D.I. 15.) NST Global's response was filed on April 10, with SIG Sauer's reply due on or before Wednesday, April 17, 2019. During a recent teleconference, Defendant's counsel, including at least one Delaware Counsel, suggested to Plaintiff's counsel, also including at least one Delaware Counsel, that we ask the Court to postpone the Rule 16 Scheduling Conference until after the Court rules on Defendant's motion to transfer the action. While Plaintiff's counsel does not agree that a postponement is warranted, counsel for both parties agreed to address the issue with the Court. Therefore, the parties respectfully submit this letter to address the possible postponement of the Rule 16 Scheduling Conference.

**Defendant's Position**

This patent infringement action, involving two patents (the '444 and '021 patents), was filed by NST Global against SIG Sauer on January 22, 2019. SIG Sauer answered the complaint on February 13, 2019. The Court has scheduled a Rule 16 Scheduling Conference for April 16, 2019. No discovery has been requested or produced.

As noted above, SIG Sauer has moved to transfer this action to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1404(a). As explained in SIG Sauer's brief in support of its motion, the *Jumara* factors favor transfer: both parties have their business operations in New Hampshire, both parties' relevant evidence is found in New Hampshire, and the majority of witnesses for both parties reside in New Hampshire, while neither party, nor any aspect of this case, has any connection with Delaware, other than as SIG Sauer's state of incorporation.

If the Court does transfer this action to the District of New Hampshire, that Court has its own form, Civil Form 2, for initial scheduling conferences (*see* http://www.nhd.uscourts.gov/content/civil-form-2-discovery-plan), and has its own Supplemental Patent Rules which govern patent cases (*see* http://www.nhd.uscourts.gov/content/appendix-b-supplemental-rules-patent-cases). Asking the Court to consider and enter a scheduling order in this action before it rules on SIG Sauer's motion to transfer potentially wastes the Court's and the parties' time and resources.

Finally, there is no significant prejudice to NST Global due to what should be a relatively short delay in addressing scheduling and procedural issues, as the parties agree that trial will occur sometime in early 2021.

Therefore, SIG Sauer requests that the Court postpone the Rule 16 Scheduling Conference until a date at least 30 days after it rules on SIG Sauer's motion to transfer this action to the United States District Court for the District of New Hampshire. SIG Sauer is prepared to present oral argument regarding its motion to transfer at the convenience of the Court.

**Plaintiff's Position**

Plaintiff agrees with Defendant's general description of the lawsuit as a patent infringement action, involving two patents (the '444 and '021 patents), filed by NST Global against SIG Sauer. On March 13, 2019, the Court scheduled the Rule 16 Scheduling Conference set for April 16, 2019. Defendant did not file its Motion for Transfer until two weeks after the Order setting the Scheduling Conference, on March 27, 2019. Defendant did not raise the desire for a delay of the case until April 9, 2019.

Plaintiff disagrees with Defendant's assertions that 1) both parties have their business operations in New Hampshire, 2) both parties' relevant evidence is found in New Hampshire, 3) the majority of witnesses for both parties reside in New Hampshire, and 4) that neither party, nor any aspect of this case, has any connection with Delaware, other than as SIG Sauer's state of incorporation. As explained in Plaintiff's brief in opposition to the motion for transfer, the *Jumara* factors weigh against transfer, 1) Plaintiff is a Florida limited liability company with its principal place of business, product development, and executive operations in Florida, 2) all relevant physical evidence in the possession of Plaintiff, of which it is aware, is located in Florida, 3) all known witnesses for Plaintiff will travel from Florida for trial, and 4) not only is Defendant

incorporated932 in Delaware, but the accused products in this case are also sold and delivered to consumers in Delaware.

Plaintiff desires to proceed with discovery so that a timely resolution of this case may be realized. In the event that the Court transfers this case to the District of New Hampshire, any discovery conducted prior to transfer will be just as applicable to the case after transfer, regardless of any differences in scheduling forms utilized in the two districts.

If the Court so desires, Plaintiff is also prepared to present oral argument regarding its response in opposition to Defendant's motion to transfer at the convenience of the Court.

*   *   *

Counsel are available at the Court's convenience in connection with this matter.

Respectfully submitted,

*/s/ Helena C. Rychlicki*

Helena C. Rychlicki, Esq.
DE No. 3996

cc: Counsel of Record (via CM/ECF and electronic mail)